DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-169-GCM
(3:00-cr-136-GCM-3)

| | |
|---|---|
| JONATHAN DONNELL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court following the Court's receipt of Petitioner's response to the Court's prior order requiring Petitioner to explain why his 28 U.S.C. § 2255 motion to vacate is not time-barred and, if it is time-barred, why equitable tolling should apply. See (Doc. Nos. 2, 3). For the following reasons, the Court dismisses the § 2255 petition as time-barred.

## I. BACKGROUND

On July 26, 2001, pro se Petitioner Jonathan Donnell Johnson pled guilty in this Court, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and attempted escape, in violation of 18 U.S.C. § 751(a). (Criminal Case Nos. 3:00-cr-136-GCM-3, 3:01-cr-22-GCM, Doc. No. 80: Plea Agreement; Doc. No. 124: Judgment). On March 26, 2002, this Court sentenced Petitioner to a total of 360 months of imprisonment. (Id.). Judgment was entered on April 12, 2002, and Petitioner did not appeal. (Id.). Petitioner placed the Section 2255 motion to vacate in the prison system for mailing on March 21, 2017, and it was stamp-filed in this Court on March 27, 2017. In the motion to vacate, Petitioner appears to be attempting to bring a claim

1

for a due process violation based on United States v. Booker, 543 U.S. 220 (2005).

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without a response from the Government and without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As noted, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to

possess with intent to distribute and distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and attempted escape, in violation of 18 U.S.C. § 751(a). Judgment was entered on April 12, 2002, and Petitioner did not appeal. (Id.). Petitioner's conviction, therefore, became final ten days later, when his time to file a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); FED. R. APP. P. 4(b)(1)(A). Petitioner then had one year in which to file a timely petition. Petitioner did not place the Section 2255 motion to vacate, however, in the prison system for mailing until March 21, 2017. Because Petitioner filed his motion to vacate more than one year after his conviction became final, his motion to vacate is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) render the petition timely.

Petitioner argues that his petition is timely under Section 2255(f)(4) because this Court denied his motion for a sentence reduction under Amendment 782, and the Fourth Circuit Court of Appeals affirmed the Court's denial in an Order dated August 1, 2016. Petitioner appears to be arguing that he realized at that time that his sentence reduction was denied under Amendment 782 because of his career offender status, and he asks this Court to "use this as an opportunity to determine whether it would be fit to sentence the Petitioner as career offender, now, where the Court was not afforded that opportunity in 2002, when the Guidelines were mandatory." (Doc. No. 1 at 18). This Court notes that the Fourth Circuit's affirmance of the denial of a motion for reduction under Amendment 782 does not constitute a "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Thus, Petitioner's motion to vacate is not timely under Section 2255(f)(4). Accord United States v. Lee, No. 15cv117, 2015 WL 4591553, at *4 (D. Haw. July 28, 2015) (where the petitioner

contended that she "discovered" she was a career offender when told she was not eligible for a sentence reduction under Amendment 782, finding that the petition was not timely under Section 2255(f)(4), stating that petitioner's "career offender status cannot be deemed 'newly discovered' for purposes of § 2255(f)(4)"). Furthermore, to the extent that Petitioner states that he seeks alternative relief under 28 U.S.C. § 1651, Petitioner cannot avoid a time bar under Section 2255(f) by attempting to seek relief through a Section 1651 writ (either through a writ of coram nobis or audita querela), where he otherwise had the opportunity to bring his claim through a timely filed Section 2255 motion. Finally, Petitioner has asserted no grounds for this Court to apply equitable tolling, and the Court finds nothing in the record that would justify the application of equitable tolling. In sum, the petition will be dismissed as time-barred.

## IV.     CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion to vacate is dismissed as time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice as time-barred.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

4

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 21, 2017

Graham C. Mullen
United States District Judge